SAGE *v.* WYANDOTTE TERMINAL RAILROAD CO.

MASTER AND SERVANT — PERSONAL INJURIES — NEGLIGENCE — SAFE PLACE—DIRECTED VERDICT.
   Where a switchman was injured by being crushed between the jamb of a door and a car which was wider than those he had been accustomed to handle, in the absence of testimony that he supposed all the cars handled by his crew were of one width, or any excuse for failure to observe that cars were of unequal width, it being common knowledge that freight cars are of different dimensions, defendant railroad company was not negligent in failing to notify plaintiff that the car in question was wider than the cars he had been handling.

Error to Wayne; Van Zile, J. Submitted June 14, 1916. (Docket No. 19.) Decided September 26, 1916.

Case by Allen Sage against the Wyandotte Terminal Railroad Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Maxwell W. Benjamin,* for appellant.

*Gray & Gray* and *J. Walter Dohany,* for appellee.

OSTRANDER, J. Plaintiff had worked for defendant as night switchman for 24 days when he was injured. One of the duties of the night crew, of which plaintiff was one, was to bring from the shipping room of the Michigan Alkali Company, every night, a car loaded with soda ash and spot the car in a shed or building of the J. B. Ford Company. At both plants the tracks ran through doors, with scant clearance between the rails and the door jambs; there were no doors at the alkali plant, there were doors at the Ford plant, and the opening or doorway there was smaller. Within plaintiff's experience the engine had handled only the single loaded car at the Ford plant previous to the night when he was injured, and in spotting the car he rode into the shed, occupying a place on the footboard of the engine, from which, the signal that the car was in position being received, he uncoupled the car and engine. Upon the particular occasion, on the journey to the Ford plant, a coal car had been found in the way and placed between the engine and the soda ash car. The building was dark, another switchman went in to spot the car and give signals, and plaintiff took up a position on the ground near the door jamb to take the signals of the other switchman and report them to the engineman. The soda ash car passed him. The coal car was wider than the soda ash car, and plaintiff was hit by it and squeezed between it and the jamb of the door. Nothing about the premises, or the cars, was defective or out of repair, nor was there

any want of care in operating the train. Except for the extra car the conditions had existed for some six years. But plaintiff alleges his ignorance of the hazards of the situation, the failure of defendant to advise him about them and how to avoid them, and the failure to provide him a reasonably safe place in which to work. As his testimony convincingly shows, the plaintiff misapprehended nothing unless it was the width of the second car. It, in fact, used some three inches more of the clearance space than the soda ash or first car did. Plaintiff made use of the clearance space, not to pass through it, but to look through it from outside the building. The movement of the engine was controlled by him. He took up his position with reference to the passing cars, and no instructions could have added to what his intelligence made evident. The cars were being moved very slowly. He intended that they should pass him. If the first or soda ash car had been the wider, he would have behaved no differently. He would have seen to it that it passed him without striking him. His calculations were wrong only because the second car was wider than the first. This is the single fact, unappreciated, he says, unprovided for, to which his injury may be ascribed. Although he says he did not know the exact clearance—it was night, and he had worked only at night—still, upon analysis, and as relating to his injury, the foregoing is the effect, the substance, of his testimony. If, therefore, defendant was negligent in a way which caused or contributed to the injury, it was in neglecting to advise him that the cars moved by it were not all of them of equal width.

I do not find that he alleges or offered testimony tending to prove that he supposed that all the cars handled during the night by his crew were of one width, or any excuse given for failure to observe whether the cars were of unequal width. Knowledge

that freight cars are of different dimensions is very common, so common that I think it was no violation of defendant's duty to fail to call plaintiff's attention to the fact. The learned trial judge was of opinion that no negligence of defendant had been proven, and with this conclusion I agree.

The judgment is affirmed, with costs to appellee.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.